**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Donald LaPointe, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Northland Group, Inc.; and DOES 1-10, inclusive, | : |
| Defendants. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Donald LaPointe, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. Plaintiff, Donald LaPointe ("Plaintiff"), is an adult individual residing in Stoughton, MA and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Northland Group, Inc., (hereafter "Northland"), is a Minnesota corporation with an address of 7831 Glenroy Road, #350, Edina, MN 55439, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Northland and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Northland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. The Plaintiff allegedly incurred a financial obligation in 1998 (the "Alleged Debt") to Aspire (the "Creditor") in connection with a credit card account.

9. The Alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. Thereafter, the Alleged Debt was purchased, assigned or transferred to Northland for collection, or Northland was employed by a creditor to collect the Alleged Debt.

11. The Defendants then made numerous attempts to collect the Alleged Debt from the Plaintiff, each of which was a "communication" as defined by 15 U.S.C. § 1692a(2).

B. **Northland Engages in Harassment and Abusive Tactics**

12. The Defendants called the Plaintiff approximately four times in one week.

13. The Plaintiff did not receive a written notification from the Defendants advising him of his rights under state and federal laws, including his right to dispute the Alleged Debt.

14. The Plaintiff informed the Defendants that he disputes the Alleged Debt on the grounds that he did not incur it and has never had an Aspire credit card.

15. The Plaintiff requested that the calls cease, but the Defendants continued to call in order to collect the Alleged Debt.

16. The Defendants recorded a telephone call between themselves and the Plaintiff without obtaining the Plaintiff's permission, in violation of Massachusetts law.

### C. The Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger anxiety, emotional distress, fear frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

20. The Plaintiff incorporates by reference all of the allegations set forth above as though fully stated herein.

21. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

22. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23. The Defendants failed to send the Plaintiff a validation notice stating the amount of the Alleged Debt, in violation of 15 U.S.C. § 1692g(a)(1).

24. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Alleged Debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

25. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Alleged Debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

26. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of his right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

27. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

28. The Defendants continued collection efforts even though the Alleged Debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

29. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c.93A § 2, *et seq.*

31.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.  The Defendants employed unfair or deceptive acts to collect the Alleged Debt, in violation of M.G.L. c. 93A § 2.

33.  The Defendants failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11, and, as such, the Plaintiff is entitled to double or treble damages plus attorney's fees.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.  The *Restatement of Torts, Second,* § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36.  Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Massachusetts state law.

37.  The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing him with phone calls to his home.

38. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and, "a substantial burden to [his] existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

39. Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

40. As a result of the intrusions and invasions enumerated above, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

41. All acts of Defendants were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiff is entitled to punitive damages from Defendants.

## COUNT IV

### COMMON LAW FRAUD

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The acts, practices and conduct engaged in by the Defendant and complained of herein constitute fraud under the Common Law of the State of Massachusetts.

44. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and Collectors complained of herein were committed with malice, intent, wantonness and recklessness, and as such, Defendants are subject to punitive damages.

## COUNT V

**VIOLATION OF MASSACHUSETTS GEN. LAW. 272 § 99Q FOR INTERCEPTION OF WIRE AND ORAL COMMUNICATIONS**

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The conversations between the Plaintiff and the Defendants meet the definition of "oral communication" as defined by M.G.L.A. 272 § 99(B)(1).

47. The Defendants unauthorized recording of communications between themselves and the Plaintiff meet the definition of "interception" under M.G.L.A. 272 § 99(B)(4).

48. The Plaintiff's rights have been violated under M.G.L.A. 272 § 99(Q), and as such, the Plaintiff is entitled to damages from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants awarding him:

1. Actual damages including, but not limited to, the emotional distress she has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Actual damages but not less than liquidated damages computed at the rate of $100 per day for each day of violation or $1000, whichever is higher, pursuant to M.G.L.A. 272 § 99(Q)(1);

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and M.G.L.A. 272 § 99(Q)(3);

5. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93 § 3A;

6. Actual damages for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and invasions of privacy in an amount to be determined at trial.

7. Punitive damages; and

8. Such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 22, 2010

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
*Attorney for Plaintiff*